The Counsel for the appellants filed a petition for a re-hearing.

The counsel for the appellants, would most respectfully ask a re-hearing, in the above case.
They are particularly anxious for a re-hearing, from the circumstance, that the cause was inadvertently submitted to the court, without argument, and without the knowledge, or consent of counsel; and they cannot but think, that owing to this circumstance, the points upon which they confidently expected a reversal, has escaped the attention of the court. The facts exhibited by the record, are briefly these.
October 26,1816, Michael Thomas, and Samuel Thomas, deceased, executed their note to Rachel Thomas, for <§600. Rachel Thomas, afterwards intermarried with William Tomlinson, who died, leaving her a widow. Rachel afterwards died, and Francis Wells administered upon her estate. Wells, as administrator of Rachel, then sued Michael Thomas, one of the joint obligors on the note, and recovered judgment against him; and upon a return of “no property” filed his bill in chancery, to set aside fraudulent conveyances of his property, and finally compelled him to pay the amount then due upon the note. The plaintiff below, viz. the said Michael Thomas brought the present action of assumpsit against the representatives of his co-obligor, Samuel Thomas, to compel them to pay their contributive share, and the issue was joined upon non-assumpsit, with leave to give special matter in evidence. The plaintiff introduced as evidence, the above recited records of the suit at law and in chancery, (the defendant objecting thereto) and also proved, that he had satisfied the same in whole, or ip part. To neither of these suits, were the defendants below, or their intestate, parties. The defendants then offered to read a record in which they had been sued, as the representatives of their intestate, Samuel Thomas, the deceased cp-obligor, upon the same note by said Wells, as administrator of said Rachel, and upon the plea of payment, had defeated a recovery on the same. But the court rejected the yecord, and refused to permit ittp go as evidence to the jury. The defendants then introduced witnesses, and *62 offered to prove by them, that after the death of her hus-hand, the said Rachel had acknowledged, that the defend-intestate, viz: Samuel Thomas had paid $300, on the said note. But the court rejected the evidence, Without adverting particularly to the apparent impropriety of permitting the plaintiff to "read in evidence, records connected with the note, to which the defendants were no party, and rejecting similar records offered by the defendant, it is earnestly insisted, that the court below, erred in excluding from the jury, the acknowledgment of payment, by Rachel Tomlinson.
The decision of this question, depends upon the question, what must the plaintiff, in an action for contribution, prove? And what defence can the de-fendantmake? Must the plaintiff simply prove, that ajudgment has been obtained against him, upon the joint note, and that he has paid the same, to entitle him to recover? Or are not these facts, only prima facie evidence of the justice of his demand, which may be repelled by the defendants, shewing, that judgment never should have been recovered against the plaintiff, and that in point of fact, they themselves, had actually paid off the note, before the plaintiff was sued on the same? The latter, we believe to be the law, as laid down by this court, on a former occasion, and that any evidence that could have availed the defendant in a suit by the obligee, may bo used by him, in the action by his co-obligor, provided, that evidence existed at the time the recovery was had against his co-obligor.
In the case of Shields vs. Perkins, II. Bibb, 230, the court used the following language. “For although it be true, that when a judgment is jointly obtained against several, the sum may be levied of the estate of either, and he be left to his remedy against the others; yet there is an essential difference between a case thus situated, and one, where judgment isobtain-ed against part pnly, of those, who by the terms of the contract, are liable to contribution. In the one case, the judgment being against the whole of the parties, they are all bound by it, and cannot gainsay the justice of the demand against them, when called *63 upon for their rateable proportion; but in the other, those who were not parties to thej adgment, are not bound thereby, and those against whom the recovery is had, when seeking for a remedy, over against those who were not parties to the judgment, would be driven to the necessity of establishing the justice of the original demand.” The true doctrine appears to be, that a co-obligor, discharging the note voluntarily, or paying the same under a separate judgment against himself, merely places himself, in the attitude, and acquires the rights of the obligee, and that any defence may be made against his claim for contribution, which could have been urged at the time he paid the debt, against the obligee; and that be must establish, not only a payment, but also a rightful payment. A contrary doctrine, might, in many instances, compel a co-ob-ligor, who had actually' discharged the debt, again to pay the same to his co-obligor, under the -action for contribution. Thus subjecting him to a double payment. The defence offered by the defendants in this case, was of a character, that would have defeated in part, a recovery by the original obligee. It was a declaration made by Rachel Tomlinson, wb.en she was the true owner of the note, (it being one of her chosesin action, that had survived to her,) that a payment of $300, had been paid to her by the intestate, Samuel Thomas, and was certainly competentto shew how much was really due upon the note, and to what extent, the co-obligor, Michael Thomas, was justified in paying. The whole case presents circumstances of peculiar hardship, on the part of the defendants. The plaintiff below, recovered against them, by simply shewing, that he had paid off a judgment, on the note, in favor of the administrator of the obligee, to which the defendants were not parties, and the defendants were not permitted to shew, that before that judgment was rendered, the obligee had admitted a large payment, as Uiade on the note, and also, that they had actually sustained a plea of payment, in a suit against them, on the samé note, by the same administrator of the obligee. A r.c-hearing is therefore respectfully asked.
if one of several obligors pay the whole debt, he is not to be considered the as-signee of the obligee. The responsibility of the eo ob-ligors, fór contribution, depends upon the payment of money to their use, which, ex equo etbono, should be refunded. Confessions only to be taken against the party making them, and such as claim title thro’ him, & are the weakest admissible evidence.